# LORENZO A. PARDO, Complainant,

## v.

# JOHN T. BARRETT, as Federal Prohibition Director, Dft.

San Juan, Equity, No. 1236.

Opinion filed January 12, 1924.

*Mr. A. R. de Jesus* for complainant.

*Mr. Ira K. Wells,* United States District Attorney, for defendant.

ODLIN, Judge, delivered the following opinion:

After the original order and opinion of this court, dated December 18, 1923, was filed in the office of the clerk, the attorney for the complainant filed a petition for a rehearing. The court examined the petition and granted a rehearing. The same has been carefully argued by the attorney for the com-

plainant, and also by the United States district attorney on behalf of the defendant.

I have carefully considered this case once more in connection with the language of Mr. Circuit Judge Anderson in the case entitled O'Sullivan v. Potter, 290 Fed. 844, while he was sitting as a district judge at Boston one year ago. I have again carefully compared the facts in that case with the proofs in the present case, and I have come to the conclusion that in my opinion of December 18, 1923, I did an injustice to the complainant, Lorenzo A. Pardo.

In the first place, there is some doubt as to the accuracy of my former conclusion that the rum and wine seized in the drug store of Pardo were possessed by him there contrary to law. Even if this were true, the violation of law would be technical and the Prohibition office here in Porto Rico should be estopped now to ask for what is virtually a punishment against Mr. Pardo because he did have this rum and wine in his drug store. The evidence is clear that it was done virtually with the permission of the Federal Prohibition Department here in this Island, because the same was reported by him several times, and those reports now form part of the records of this case in the proper office here at San Juan.

Upon further study of this case, I find that there is a very marked difference between the facts of this case and the facts of the O'Sullivan Case. Judge Anderson distinctly holds in the case last mentioned that O'Sullivan had made illegal sales of synthetic gin, and he based his revocation of a permit specifically upon that ground. In the present case there is not only no proof of a sale of the wine or of the rum, but the evidence shows that Pardo had carefully kept from selling any of

the rum or any of this wine. The quantity seized is substantially the same as the quantity reported.

I therefore feel obliged to reverse myself and to direct the defendant, John T. Barrett, as Federal prohibition director of Porto Rico, to issue to Lorenzo A. Pardo, the complainant, the permit which the latter has requested and which so far has been denied him.

In justice to John T. Barrett, the present Federal prohibition director for Porto Rico, it is only fair to say that this reversal of my former opinion in no way reflects upon him, or upon the manner in which he is conducting his office. The proof is to my mind clear that Mr. Barrett acted strictly within the limits of what he conceived to be his duty in denying this permit. The whole trouble lies with the improper manner in which the affairs of the Federal prohibition office in this city were conducted by the predecessor of Mr. John T. Barrett.

The permit will issue, as prayed for, and the complainant instead of paying the costs of this proceeding, the same will be paid by the defendant.

To this final order and opinion John T. Barrett, in his capacity as Federal Prohibition Director of Porto Rico, excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 12th day of January, 1924.